**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACKIE DON WHITE, | No. CIV S-06-2441-RRB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M.C. KRAMER, et al., | |
| Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 13), filed on March 5, 2007.  In their motion, respondents argue that the instant petition was filed beyond the one-year statute of limitations and is, therefore, untimely. Petitioner has filed oppositions (Docs. 15 & 21) to the motion to dismiss.  In his oppositions, petitioner seeks reinstatement of a prior habeas petition which was voluntarily dismissed. Respondents opposed this request (Doc. 22).

/ / /

/ / /

/ / /

# I. BACKGROUND

<u>Conviction, Sentence, and Direct Review</u>

Petitioner was convicted of first degree murder, assault with great bodily injury, assault with a stun gun, first degree burglary, and two counts of attempted first degree robbery on May 14, 1993, and was sentenced to a determinate term of 17 years and a consecutive indeterminate term of 25 years to life. The state court judgment was amended on January 24, 1994, to reflect a 16 year determinate sentence. The conviction and sentence were otherwise unchanged. Following a remand by the California Court of Appeal, petitioner was resentenced on November 27, 1995. This resulted in a second amended judgment which essentially changed the consecutive sentences to concurrent sentences. The Court of Appeal then directed the trial court to further amend the judgment to reflect that the punishment for various enhancements would run consecutive to the total sentence. Petitioner sought direct review by the California Supreme Court, which was denied on December 10, 1997.

<u>State Court Habeas Petitions</u>

Petitioner then filed a total of ten state court habeas petitions. These are summarized as follows:[1]

    Petition No. 1    San Joaquin County Superior Court;
                                    Filed December 2, 1998;
                                    Denied March 1, 1999.

    Petition No. 2    San Joaquin County Superior Court
                                    Filed December 8, 1998;
                                    Denied March 1, 1999.

    Petition No. 3    California Court of Appeal;
                                    Filed September 22, 1999;
                                    Denied December 9, 1999.

///

---

[1] Where applicable, the court has given petitioner the benefit of the "mailbox rule" in stating the dates on which he filed various state court habeas petitions. See <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

| | | |
|---|---|---|
| Petition No. 4 | California Supreme Court;<br>Filed January 6, 2000;<br>Denied March 29, 2000. | |
| Petition No. 5 | San Joaquin County Superior Court;<br>Filed October 30, 2002;<br>Denied March 14, 2003.[2] | |
| Petition No. 6 | California Court of Appeal;<br>Filed December 17, 2003;<br>Denied September 1, 2004. | |
| Petition No. 7 | California Court of Appeal;<br>Filed September 1, 2005;<br>Denied September 8, 2005. | |
| Petition No. 8 | San Joaquin County Superior Court;<br>Filed September 20, 2005;<br>Denied November 28, 2005. | |
| Petition No. 9 | California Court of Appeal;<br>Filed December 7, 2005;<br>Denied December 22, 2005. | |
| Petition No. 10 | California Supreme Court;<br>Filed January 12, 2006;<br>Denied September 27, 2006. | |

Federal Habeas Petitions

Petitioner filed his first habeas petition in this court on April 21, 2000, as case no. CIV-S-00-0885-FCD-PAN-P. Petitioner moved for voluntary dismissal of that petition in order to exhaust additional claims in state court. The motion was granted and the prior petition was dismissed on July 27, 2001. The instant petition was filed on November 3, 2006.

## II. DISCUSSION

Respondents argue that the instant petition was filed after expiration of the one-year statute of limitations and, therefore, must be dismissed. Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final;

---

[2] A corrected order denying the fifth petition was issued on April 14, 2004.

3

(2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that federal habeas petition

not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period.  See Nino, 1983 F.3d at 1006-07.

Respondents correctly note that the state court's judgment became final in this case 90 days following the California Supreme Court's December 10, 1997, denial of direct review, or on March 10, 1998.  The statute of limitations began to run the following day – March 11, 1998.

The court must next determine the appropriate amount of statutory tolling for the time his various state court habeas petitions were pending.  As to the first petition, which was filed under the mailbox rule on December 2, 1998, the statute of limitations had run for 266 days by the time it was filed.  Respondents concede that petitioner is entitled to tolling for the entire time that petition was pending – until March 1, 1999.  The court agrees with respondents that petitioner is not entitled to any additional tolling for the second state petition because it was filed after the first and was denied at the same time.  Therefore, any tolling for the second petition is subsumed in the tolling allowed for the first petition.

/ / /

/ / /

As stated above, by the time the state court denied the first and second petitions on March 1, 1999, 266 days of the one-year limitations period had expired. The next question is whether petitioner is entitled to tolling for the period between March 1, 1999 – when his first and second petitions were denied by the Superior Court – and September 22, 1999 – the date the third petition was filed in the Court of Appeal under the mailbox rule. Respondents argue that petitioner is not entitled to any tolling for this period because he unreasonably delayed for 204 days before filing his third petition. See Carey, 536 U.S. at 214. The court agrees. In Evans v. Chavis, the Supreme Court concluded that the petitioner's delay of six months was not reasonable where the petitioner offered no explanation for the delay. See 126 S.Ct. 846, 854 (2006) (citing Carey, 536 U.S. at 219). Similarly, in this case, petitioner does not explain why he waited nearly seven months before filing the third state petition. Therefore, petitioner is not entitled to interval tolling for the 204 days between the denial of the first and second petitions and the filing of the third petition.

Because 470 days of the one-year limitations period had run by the time petitioner filed the third petition, he is not entitled to tolling for the time any of the remaining state court petitions were pending or the intervals between them. The court concludes that the instant petition, filed on November 3, 2006, is untimely.[3]

Finally, as to petitioner's requests pursuant to Federal Rule of Civil Procedure 60(b) that his prior federal habeas petition be reinstated, such a request is not properly before the court. Specifically, plaintiff should seek that relief in the context of the prior case. Therefore, the request should be denied without prejudice to re-filing in case no. CIV-S-00-0885-FCD-PAN-P.

---

[3] Even if petitioner were entitled to interval tolling for the 204-day delay and the time the third petition was pending, the instant petition would still be untimely. In particular, one year elapsed between the denial of the sixth petition and the filing of the seventh and petitioner would not be entitled to interval tolling for this period because he was not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils, 260 F.3d at 986.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Petitioner's requests to reinstate his prior federal habeas petition be denied without prejudice to re-filing in case no. CIV-S-00-0885-FCD-PAN-P;

2. Respondents' motion to dismiss the instant petition be granted; and

3. This petition be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2007.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE